UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-cr-20032 |
| Plaintiff, | HON. MARK A. GOLDSMITH |
| v. | |
| D-1 SUNG YOL "DAVID" KIM, | **VIO:** 18 U.S.C. § 371 |
| | **Maximum Penalty:** 5 years |
| | **Maximum Fine:** $250,000 |
| Defendant. | |

---

# Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant SUNG YOL "DAVID" KIM ("defendant") and the United States ("government") agree as follows:

1. **Guilty Plea**

   A. **Count of Conviction**

   Defendant will enter a plea of guilty to Count One of the Indictment, which charges him with conspiracy to commit bribery in violation of Title 18, United States Code, Section 201, in violation of Title 18, United States Code, Section 371, and for which the penalty is a maximum term of imprisonment of five years and a fine of up to $250,000. Defendant is also subject to a special assessment of $100 and up to three years of supervised release.

B.    **Elements of Offense**

The indictment charges defendant KIM with a conspiracy to commit bribery, in violation of 18 U.S.C. §§ 201(b)(1)(A) and (C) and 201(b)(2)(A) and (C), with co-conspirator James Russell Driver III ("Driver").   The elements of conspiracy to commit bribery are as follows:

(A)  That two or more persons conspired, or agreed, to commit a crime, in this case, a violation of the bribery statute (18 U.S.C. § 201);

(B)  That defendant knowingly and voluntarily joined the conspiracy;

(C)  That a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(D)  Object of the Conspiracy: Co-conspirator Driver provided KIM with confidential and other proprietary, internal U.S. Navy information, and used his position and influence with the U.S. Navy to advocate for and advance the interests of KIM and DK Marine, as opportunities arose, and in return, KIM, DK Marine, and others gave things of value to or on behalf of Driver.

C.   **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

Defendant SUNG YOL "DAVID" KIM was the owner and Chief Executive Officer of DK Marine, a company based in the Republic of Korea ("ROK") that provided husbanding services to U.S. Navy vessels when they arrived in port.

By in or about 2011, KIM became acquainted with Co-Conspirator 1 ("CC-1"), who was the Director of Operations at the U.S. Navy's Military Sealift Command ("MSC") Office in Busan, ROK.   While CC-1 was the Director of Operations, including at times relevant to the allegations of the Indictment, CC-1 asked for, and KIM provided, CC-1 with things of value so that CC-1 would assist KIM in obtaining business from the U.S. military, and in order to influence official acts of CC-1 on KIM's behalf.

In or about August 2013, KIM became acquainted with James Russell Driver III ("Driver"), a civilian U.S. federal employee with the MSC who served as the captain/master of the USNS Charles Drew ("Drew"), a U.S. Navy cargo ship operating in the Pacific region.   As the captain of the Drew, DRIVER was a "public official" within the definition of Title 18, United States Code, Section 201(a)(1).   The conspiracy described below violated Driver's official and lawful duties.

Between in or about October 2013 and in or about January 2014, KIM agreed with Driver and CC-1 to have KIM and DK Marine provide husbanding services for the Drew's December 2013 port visit in Chinhae, ROK, in violation of appropriate U.S. Navy HSP contracting procedures.   CC-1 provided instructions to KIM on how Driver should circumvent these procedures, which KIM then relayed to Driver via email.   Driver and KIM also agreed to have Driver provide KIM with confidential and other proprietary, internal U.S. Navy information.   In order to conceal their corrupt relationship, Driver communicated with KIM through Driver's personal email address, assigned misleading file names to confidential and other proprietary, internal U.S. Navy information sent electronically to KIM, and deleted emails between himself and KIM.   In exchange, KIM made personal travel arrangements for Driver, paid personal travel expenses for Driver, including train tickets and a hotel stay with Driver's family, and provided a tablet computer to Driver's minor child. Driver also sought to obtain, and KIM implied that he would receive, a job offer with

DK Marine following Driver's retirement from federal service in exchange for Driver's advancing the interests of KIM and DK Marine.  KIM provided things of value to Driver in order to influence his official acts as an employee of the United States Navy.

At all times during the conspiracy, KIM acted willfully, knowingly, and corruptly.

2.      **Sentencing Guidelines**

A.      **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.      **Guideline Range**

The parties agree that the base offense level under the Sentencing Guidelines for defendant's conduct is 12.  (U.S.S.G. § 2C1.1(a)(2)).

The parties agree that a 2-level upward adjustment is applicable because the offense involved more than one bribe.  (U.S.S.G. § 2C1.1.(b)(1)).

The parties agree that a 4-level upward adjustment is applicable because defendant bribed a public official in a high-level decision-making or sensitive position.  (U.S.S.G. § 2C1.1(b)(3)).

At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided defendant has demonstrated a genuine acceptance of responsibility.  (USSG § 3E1.1(a)).  The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of defendant's intention to enter a guilty plea, thus permitting the

- 4 -

Court and the United States to allocate their resources efficiently. (USSG
§ 3E1.1(b)).

The parties agree that the applicable Guidelines range for Criminal History
Category I is 18–24 months' imprisonment.

3.   **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553 and in doing so
must consider the Sentencing Guidelines range.

A.   **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), at sentencing, the
United States will recommend a sentence within the applicable Guidelines range,
except as otherwise provided for in this Plea Agreement.

B.   **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment.
There is no agreement on supervised release. In other words, the Court may impose
any term of supervised release up to the statutory maximum term, which in this case
is three (3) years. The agreement concerning imprisonment described above in
Paragraph 3A does not apply to any term of imprisonment that results from any later
revocation of supervised release.

C.   **Special Assessment**

Defendant will pay a special assessment of $100.00 at the time of sentencing.

D.     **Fine**

The United States agrees not to seek a fine.

E.     **Restitution**

The Court shall order restitution to any identifiable victim of defendant's offense.

4.     **Cooperation**

Defendant agrees to assist the government in the investigation and prosecution of others involved in criminal activities, as specified below.

A.     **Truthful Information and Testimony**.  Defendant will provide truthful and complete information concerning all facts of this case known to him. Defendant will provide full debriefings, as requested by the government, to foreign, federal, state, and local law enforcement agencies.  Defendant will provide truthful testimony at all proceedings, criminal, civil, or administrative, as requested by the government.  Such testimony may include, but is not limited to, grand jury proceedings, trials, and pretrial and post-trial proceedings.  Defendant agrees to be available for interviews in preparation of all testimony.  Defendant understands that this obligation to provide cooperation continues after sentencing and that failure to follow through constitutes a breach of this agreement.

B.     **Nature of Cooperation**.  Defendant agrees to cooperate in good faith, meaning that defendant will not only respond truthfully and completely to all

- 6 -

questions asked, but will also volunteer all information that is reasonably related to the subjects discussed in the debriefing.  In other words, defendant may not omit facts about crimes, participants, or defendant's involvement, and then claim not to have breached this agreement because defendant was not specifically asked questions about those crimes, participants, or involvement.  Defendant will notify the government in advance if defendant intends to offer a statement or debriefing to other persons other than defendant's attorney.  Defendant is not prevented in any way from providing truthful information helpful to the defense of any person. Any actions or statements inconsistent with continued cooperation under this agreement, including but not limited to criminal activity, or a statement indicating a refusal to testify, or any other conduct which in any way undermines the effectiveness of defendant's cooperation, constitutes a breach of this agreement.

C.   **Government's Authority Regarding Substantial Assistance**

(1) <u>Substantial Assistance Determination</u>.  It is exclusively within the government's discretion to determine whether defendant has provided substantial assistance.  Upon the government's determination that defendant's cooperation amounts to substantial assistance in the investigation or prosecution of others, the government will either seek a downward departure at sentencing under U.S.S.G. § 5K1.1, or a reduction of sentence pursuant to Fed.

R. Crim. P. 35, as appropriate.  If the government makes such a motion, the amount of the reduction, if any, will be determined by the Court.

(2) Use of Information against Defendant.  In exchange for defendant's agreement to cooperate with the government, as outlined above, the government agrees not to use new information that defendant provides (pursuant to this agreement) about defendant's own criminal conduct against defendant at sentencing in this case.  Such information may be revealed to the Court but may not be used by the government against the defendant in determining defendant's sentence range, choosing a sentence recommendation within the range, or departing from the range.   There shall be no such restrictions on the use of information: (a) previously known to law enforcement agencies; (b) revealed to law enforcement agencies by, or discoverable through, an independent source; (c) in a prosecution for perjury or giving a false statement; or (d) in the event there is a breach of this agreement.

5.      **Use of Withdrawn Plea Agreement**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason," pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this Plea Agreement against him in any proceeding.

6.      **Other Charges**

If the Court accepts this agreement, the government will dismiss all remaining charges in this case against defendant.

7.      **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement.  If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8.    **Appellate Waiver**

Defendant waives any right he may have to appeal his conviction on any grounds.  This waiver does not bar a claim of ineffective assistance of counsel in court or an illegal sentence.

9.    **Padilla Waiver**

Defendant acknowledges that he is not a citizen of the United States, and that his guilty plea in this case may affect or even foreclose his eligibility to remain in this country following the imposition of sentence herein.  Defendant has discussed these matters with his attorney in this case, but he expressly agrees that his decision to plead guilty is in no way conditioned upon or affected by the advice he has been given regarding any potential immigration consequences of his conviction.  Defendant further agrees that because his decision to plead guilty in this case is wholly independent of the immigration consequences of a conviction, defendant agrees that he will not seek to challenge his guilty plea in any later proceeding via collateral attack on any basis relating to the immigration consequences of his plea.

10.    **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan and the United States Department of Justice, Criminal Division, Fraud Section.

11.     **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties.  This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court.  Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

12.     **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the U.S. Department of Justice, Criminal Division, Fraud Section by March 23, 2020.  The

government reserves the right to modify or revoke this offer at any time before

defendant pleads guilty.

MATTHEW SCHNEIDER
United States Attorney
Eastern District of Michigan

ROBERT ZINK
Chief, Fraud Section
Criminal Division
Department of Justice

_Jessee Alexander Hoeppner_
_____
Jessee C. Alexander-Hoeppner
Trial Attorney

Date:    March 24, 2020
       _____

By signing below, defendant acknowledges that he has read (or been read) this entire
document, understands it, and agrees to its terms.  He also acknowledges that he is
satisfied with his attorney's advice and representation.  Defendant agrees that he has
had a full and complete opportunity to confer with his lawyer, and has had all of his
questions answered by his lawyer.

_Jeffrey A. Crapko_                        _D_____
_____          _____
Jeffrey Alan Crapko                       Sung Yol "David" Kim
Attorney for Defendant                    Defendant

Date:    March 18, 2020                   Date:   3-18-2020
       _____            _____

- 12 -